# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Williams v. Attorney General United States of America

USCA NO.: 24-1091

LOWER COURT or AGENCY and DOCKET NUMBER:
Eastern District of Pennsylvania No. 17-cv-2641

NAME OF JUDGE: Hon. John M. Younge; Hon. Robert F. Kelly

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiff-appellee Edward Williams brings this suit against the Attorney General; the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the Director of the Federal Bureau of Investigation; and the United States of America. Plaintiff is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1) because he was convicted under Pennsylvania law of a recidivist offense for driving under the influence of alcohol--a crime punishable by five years' imprisonment. Plaintiff asserts that Section 922(g)(1) violates the Second Amendment as applied to him. He requests a declaratory judgment that Section 922(g)(1) is unconstitutional as applied to him and an injunction preventing defendants from enforcing the provision against him.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Memorandum Opinion and Order Dkt. Nos. 82, 83, Williams v. Garland, No. 17-cv-2641 (E.D. Pa. Nov. 14, 2023)

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

In 2005, following a trial, plaintiff Edward Williams was convicted under 75 Pa. Con. Stat. § 3802(c) of driving under the influence at the highest rate of intoxication. Because Williams had a prior DUI conviction, his offense was classified as a "misdemeanor of the first degree," id. § 3803(b)(4), a label that Pennsylvania applies to offenses punishable by up to five years' imprisonment, 18 Pa. Cons. Stat. §§ 106(b)(6), 1104(1). Williams was sentenced to at least ninety days in prison, among other penalties, though the court permitted him to serve his custodial sentence under house arrest because of a medical condition. Because of this criminal history, plaintiff is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1).

In 2017, plaintiff filed this suit, asserting that Section 922(g)(1) is unconstitutional as applied to him. Initially, the district court rejected Williams's challenge, and this Court affirmed in a nonprecedential opinion (available at 2022 WL 1499279). The Supreme Court then decided New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and Williams petitioned for rehearing en banc, claiming that the panel's decision was undermined by Bruen. This Court granted panel rehearing and remanded the case to the district court for reconsideration in light of Bruen.

After the case was remanded, the parties renewed their cross-motions for summary judgment. The district court granted summary judgment to plaintiff, concluding based on Bruen and this Court's decision in Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023) (en banc), petition for cert. filed, No. 23-374 (U.S. Oct. 5, 2023), that application of Section 922(g)(1) to plaintiff is inconsistent with this Nation's historical tradition of firearm regulation.

Identify the issues to be raised on appeal:

Whether 18 U.S.C. § 922(g)(1), which prohibits persons convicted of crimes punishable by more than one year of imprisonment from possessing firearms, is unconstitutional under the Second Amendment as applied to the civil plaintiff in this case, who is prohibited from possessing a firearm because of his 2005 conviction for a recidivist driving under the influence offense.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 31st day of January, 20 24 .

/s/ Kevin B. Soter

Signature of Counsel

Rev. 07/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 17-cv-2641 |
| MERRICK B. GARLAND, et al., | : | |
| | : | |
| Defendants.[1] | : | |
| | : | |
| | : | |

**MEMORANDUM**

J. Younge                                                         November 14, 2023

## I.  INTRODUCTION

Currently before this Court is Plaintiff Edward A. Williams' Fourth Motion for Summary Judgment (ECF No. 72) and Defendants' Third Motion for Summary Judgment (ECF No. 73). The Court finds these motions appropriate for resolution without oral argument. Fed. R. Civ. Pr. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Plaintiff's Motion is Granted. Accordingly, Defendants' Motion is Denied.

## II.  FACTUAL BACKGROUND

Plaintiff Edward A. Williams was first arrested for driving under the influence (hereinafter "DUI") in April 2000 in State College, Pennsylvania. *See* Defendants' Statement of Undisputed Material Facts (hereinafter "SUMF") ¶¶ 2-4, ECF No. 74; *Williams v. Barr*, 379 F.

---

[1] Plaintiff originally brought this action on June 1, 2017, against the United States of America, Attorney General Jeff Sessions, Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives Thomas E. Brandon, and Acting Director of the Federal Bureau of Investigation Andrew McCabe. (ECF No. 1.) Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Merrick Garland, Director Steven Dettelbach, and Director Christopher Wray are automatically substituted as Defendants in this action.

Supp. 3d 360, 365 (E.D. Pa. 2019), *aff'd sub nom. Williams v. Att'y Gen.*, No. 19-2694, 2022 WL 1499279 (3d Cir. May 12, 2022), *reh'g granted and opinion vacated*, No. 19-2694, 2022 WL 3544391 (3d Cir. Aug. 18, 2022). Following that arrest, Plaintiff participated in Pennsylvania's Accelerated Rehabilitative Disposition (hereinafter "ARD") program. SUMF ¶ 4, ECF No. 74; *Williams*, 379 F. Supp. 3d at 365. Although completion of an ARD program offers a defendant the opportunity to dismiss his pending charges, it may nonetheless be construed as a conviction for the purpose of computing a sentence for a subsequent DUI. *See* 75 Pa. Cons. Stat. §§ 3803(a)(1), 3806(a)(1). Plaintiff was arrested a second time for DUI in Philadelphia, Pennsylvania in 2001, but these charges were dismissed for unknown reasons. *See* SUMF ¶¶ 5-8, ECF No. 74. In 2004, Plaintiff was arrested in Philadelphia, Pennsylvania for DUI for the third time. *Williams*, 379 F. Supp. 3d at 365.

At his third arrest, Plaintiff's breathalyzer test revealed that his blood alcohol content was at least 0.223, well above the legal limit of 0.08. SUMF ¶ 14, ECF No. 74; *Williams*, 379 F. Supp. 3d at 365; 75 Pa. Cons. Stat. § 3802(a). In 2005, Plaintiff was convicted of DUI at the highest rate of intoxication, which, based on his prior offense in 2000, is a first-degree misdemeanor punishable by up to five years in prison. *See Williams*, 379 F. Supp. 3d at 365; 75 Pa. Cons. Stat. §§ 1104, 3802(c), 3803(b)(4), 3806(a). Plaintiff was sentenced to between ninety days and two years in prison, but he was permitted to serve his custodial sentence under house arrest because of a medical condition. SUMF ¶ 16, ECF No. 74; *Williams*, 379 F. Supp. 3d at 365. This conviction disqualified him from possessing a firearm under 18 U.S.C. § 922(g)(1). Plaintiff still occasionally drinks. SUMF ¶ 18, ECF No. 74.

### III. PROCEDURAL HISTORY

Plaintiff filed this action on June 1, 2017, as an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1), which prohibits him from possessing a firearm due to his 2005 DUI conviction. *See* Complaint, ECF No. 1. Plaintiff thus seeks declaratory and injunctive relief exempting him from criminal liability for possession of a firearm under Section 922(g)(1) and its related laws and regulations based on that conviction. *See id.*

On September 14, 2017, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defendants' Motion to Dismiss, ECF No. 5.) Plaintiff opposed and cross-moved for summary judgment. (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, ECF No. 8; Plaintiff's First Motion for Summary Judgment, ECF No. 9.) Judge Robert Kelly held that Plaintiff had pleaded a prima facie as-applied Second Amendment claim under *Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016), *abrogated by Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), and denied both Motions.[2] (Order, ECF Nos. 13 & 14.)

Following discovery, both Parties moved for summary judgment on October 26, 2018. (ECF Nos. 29 & 30.) The Court granted Defendants' Motion for Summary Judgment on April 1, 2019, and denied Plaintiff's, finding that Section 922(g)(1) had survived intermediate scrutiny as applied to Plaintiff at the second step of the two-step framework established in *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010), *abrogated by Range*, 69 F.4th. *See Williams v. Barr*, 379 F. Supp. 3d 360, 364-65 (E.D. Pa. 2019). The Third Circuit affirmed the Court's grant of summary judgment to Defendants based on *Holloway v. Attorney General*, 948 F.3d 164 (3d Cir.

---

[2] Judge Robert Kelly Ordered that Plaintiff's Motion for Summary Judgment was denied as premature and ordered additional discovery. (ECF No. 14.)

2020), *abrogated by Range*, 69 F.4th. This decision, issued after the Court's decision on the Parties' motions for summary judgment, held that a DUI offense under the identical state criminal provision that Plaintiff was convicted of violating excluded the challenger in that case from Second Amendment protections. *See id.*, 948 F.3d at 177; *Williams v. Att'y Gen.*, No. 19-2694, 2022 WL 1499279, at *2 (3d Cir. May 12, 2022).

Plaintiff filed a petition for rehearing *en banc* following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). (Petition for Rehearing En Banc, *Williams v. Att'y Gen.*, No. 19-2694 (3d Cir. July 18, 2022), ECF No. 60.) Following the rehearing, the Third Circuit vacated the judgment of this Court and remanded to the district court for reconsideration in light of *Bruen*. *See Williams v. Att'y Gen.*, No. 19-2694, 2022 WL 3544391 (3d Cir. Aug. 18, 2022); Order, ECF No. 53.

While briefing was underway, subject to this Court's briefing schedule for renewed motions for summary judgment (Scheduling Order, ECF No. 58), the Third Circuit decided *Range v. Attorney General*, 53 F.4th 262, 270 (3d Cir. 2022) and proceeded to grant rehearing *en banc* and to vacate that panel opinion, 56 F.4th 992 (3d Cir. 2023). The Court granted Plaintiff's unopposed motion to stay proceedings pending the outcome of *en banc* proceedings in *Range*. (Order, ECF No. 64.) On June 6, 2023, the Third Circuit issued its *en banc* decision in *Range*. *See* 69 F.4th 96. The Court then amended its scheduling order for briefing on the renewed motions for summary judgment. (Amended Scheduling Order, ECF No. 71.) Both parties filed their respective renewed motions for summary judgment on September 21, 2023. (ECF Nos. 72 & 73.)

IV.     **LEGAL STANDARD**

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most

favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## V.    DISCUSSION

Prohibiting Plaintiff's possession of a firearm due to his DUI conviction is a violation of his Second Amendment rights as it is inconsistent with the United States' tradition of firearms regulation. The Constitution "presumptively protects" individual conduct plainly covered by the text of the Second Amendment, which includes an individual's right to keep and bear arms for self-defense. *Bruen*, 142 S. Ct. at 2126. Protected individuals presumptively include all Americans. *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008). The Supreme Court has held that an individual's conduct may fall outside of Second Amendment protection "[o]nly if a firearm regulation is consistent with this Nation's historical tradition." *Bruen*, 142 S. Ct. at 2126 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)). This standard differs from the oft-used means-end scrutiny that the Supreme Court has held does not apply in the Second Amendment context. *Bruen*, 142 S. Ct. at 2127. If it has been determined that the Second Amendment applies to a person and their proposed conduct, the government bears the burden of proving that "its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*.

The Third Circuit has recently addressed Section 922(g)(1)'s disarmament of those convicted of crimes punishable by a term of imprisonment exceeding one year in *Range v. Attorney General*. 69 F.4th. The Court determined that Bryan Range, who had a qualifying

conviction under Section 922(g)(1) for making a false statement to obtain food stamps and who wished to possess firearms to hunt and to defend himself, could not be denied his Second Amendment right to possess a firearm due to that conviction. *See id.* The Third Circuit held this was a "narrow ruling", intended to apply to Mr. Range and "people like Range." *Id.* at 106. This Court finds that the narrow analysis in *Range* also applies to the Plaintiff here.

      A.    *The Second Amendment Protects Plaintiff and His Proposed Conduct.*

The Third Circuit determined in *Range* that the Second Amendment does not only belong to "law-abiding citizens" but presumptively belongs to all people, who may then be subjected to the stripping of associated rights. *Id.* at 101-03. Therefore, the Second Amendment applies to Plaintiff despite his criminal history. Additionally, the Second Amendment clearly covers Plaintiff's petition to possess a firearm contrary to the prohibitions of Section 922(g)(1). *See id.* at 103 (finding that Range's request to possess a rifle and shotgun to hunt and defend himself is clearly protected conduct). Therefore, Second Amendment protections apply to both the Plaintiff and his proposed conduct.

      B.    *Section 922(g)(1) is Inconsistent with the United States' History of Firearm Regulation As Applied to Plaintiff.*

The Government has not met its burden in proving that the prohibition on Plaintiff's possession of a firearm due to his DUI conviction is consistent with historical firearms regulations. Finding a historical tradition of similar firearms regulations "requires that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Bruen*, 142 S. Ct. at 2133. A modern regulation that would not have been contemplated during the Founding Era can be found relevantly similar to then-existing regulations by considering "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* That federal law has, over the past century, allowed for the disarmament of certain

types of convicted criminals does not satisfy the constitutional issues raised by applying Section 922(g)(1) to all convictions punishable by more than a year of imprisonment. *Range*, 69 F.4th at 104. Instead, the Court must consider more longstanding limitations on firearm possession to "demarcat[e] the scope of [the] constitutional right." *Id.* The historical firearms regulations provided by the Government are not sufficiently analogous to the case considered here to satisfy its burden.

Although this Court remains quite concerned about the prospect of granting access to firearms to persons who have demonstrably abused alcohol, it is not convinced that the general dangerousness of drunk driving and of combining firearm use and alcohol consumption establishes that DUIs must therefore be considered sufficiently analogous to historical examples of 'dangerous' conduct that have previously served as grounds for disarmament. The Government has offered statutes and cases for the Court's consideration of where the right to possess a firearm has been permissibly stripped from those deemed dangerous. (Government's Memorandum in Support of Motion for Summary Judgment (hereinafter "Govt.'s Memo"), pp. 11-13, ECF No. 73.) Accordingly, the Government argues that the legislature, through Section 922(g)(1), does not violate the Second Amendment in its determination that individuals convicted of crimes punishable by more than one year of imprisonment, like Plaintiff, are dangerous to society and can therefore be stripped of their right to possess a firearm. (Govt.'s Memo, p. 13, ECF No. 73.)

In no way does the Court dispute the dangerousness of drunk driving or of combining firearm use and alcohol consumption, and it acknowledges that Plaintiff's offenses were serious and his conduct during his convictions in 2004 and 2005 dangerous. However, that legislatures have historically labelled certain groups and conduct dangerous for the purposes of disarmament

does not, in of itself, create a historical analogue to the present-day prohibition on firearm possession by those convicted of DUIs. The *Range* Court had rejected the argument that status-based restrictions on 'dangerous' groups identified as such by the legislature would constitute an appropriate analogy to Section 922(g)(1) today. 69 F.4th at 104-05; *see also Bruen*, 142 S. Ct. at 2134 (noting that legislatures are not empowered to "eviscerate the general right to publicly carry arms for self-defense" with overbroad categorizations). Historical regulations on persons deemed dangerous do not present a sufficient historical analogue without showing that the regulated conduct itself is analogous to Plaintiff's.

Similarly, the Court finds the Government's argument that Section 922(g)(1) can be appropriately applied to Plaintiff because of historical regulations on the possession of a firearm by a presently intoxicated person unavailing. The Government points to several regulations permitting the disarmament of drunk or intoxicated persons. (Govt.'s Memo, pp. 13-14, ECF No. 73.) None of these regulations allude to disarmament lasting beyond the individual's state of intoxication, and none provided for permanent disarmament, as Section 922(g)(1) does. Certainly, this Court agrees that using a firearm while intoxicated is dangerous, but historical regulations which momentarily disarmed certain individuals for temporary mental incapacity cannot be considered similar to the sanction of permanent disarmament for past DUI convictions. As noted in *Range*, "government confiscation of the instruments of crime," including to prevent an imminent crime, "differs from a status-based lifetime ban on firearm possession." 69 F.4th at 105. As stated in *Bruen*, the Court must consider the "how and why" behind Second Amendment restrictions to determine whether the modern articulation is relevantly similar to its proposed historical analogue. 142 S. Ct. at 2133. The language in the regulations offered by the Government suggests an interest in protecting the public from an inevitable danger caused by

allowing a presently intoxicated person to use a firearm. (Govt.'s Memo, pp. 13-14, ECF No. 73.) Section 922(g)(1)'s prohibition on firearm possession for those convicted of a DUI cannot, without significant speculation by the Court, be considered as having a substantially similar purpose.

Additionally, a DUI cannot be considered to belong to the class of convictions – namely for crimes of violence – for which there is a longstanding regulatory tradition justifying permanent disarmament. The Federal Firearms Act defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(1)(D)(3); *see also* Comprehensive Crime Control Act of 1984, 18 U.S.C. § 16 (using nearly identical language); *but see United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (finding that the secondary definition of a crime of violence in that statute was unconstitutionally vague). In *Leocal v. Ashcroft*, the Supreme Court found that, under 18 U.S.C. § 16, a Florida DUI cannot be considered a crime of violence because it lacked a mens rea requirement, as does the relevant Pennsylvania statute here. 543 U.S. 1, 4, 7-8 (2004). Therefore, Plaintiff's DUI cannot be categorically defined as a crime of violence for which there may be historical support for Second Amendment restrictions.

For all these reasons, the Court finds that the Government has not carried its burden in proving that the United States' tradition of firearm regulation supports stripping an individual of their right to possess a firearm because they had previously driven while intoxicated. The application of Section 922(g)(1) to Plaintiff, therefore, constitutes a violation of his Second Amendment rights, and the Court finds that Plaintiff is entitled to the requested relief.

VI.     **CONCLUSION**

The Plaintiff's Motion for Summary Judgment is Granted, and Defendants' Motion for Summary Judgment is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

    BY THE COURT:

    /s/ John Milton Younge
    **Judge John Milton Younge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| MERRICK B. GARLAND, et al., | : | NO. 17-2641 |
| Defendants.[1] | : | |

# ORDER

AND NOW, this 14th day of November, 2023, upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 72) and Defendants' Motion for Summary Judgment (ECF No. 73), and all papers submitted in support thereof or in opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** for the reasons set forth in the accompanying Memorandum.  Accordingly, it is **FURTHER ORDERED** that Defendants' Motion is **DENIED**.

IT IS SO ORDERED.

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Plaintiff originally brought this action on June 1, 2017, against the United States of America, Attorney General Jeff Sessions, Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives Thomas E. Brandon, and Acting Director of the Federal Bureau of Investigation Andrew McCabe.  (ECF No. 1.)  Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Merrick Garland, Director Steven Dettelbach, and Director Christopher Wray are automatically substituted as Defendants in this action.