No. 24-1091

# In the
# United States Court of Appeals
# for the Third Circuit

◆

**EDWARD A. WILLIAMS,**
*Plaintiff–Appellee,*

v.

**ATTORNEY GENERAL OF THE UNITED STATES,** *et al.,*
*Defendants–Appellants.*

◆

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Case No. 2:17-cv-02641

◆

**VOLUME I OF SUPPLEMENTAL APPENDIX**
**(Pages 1-15)**

◆

JOSHUA PRINCE, ESQ.
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416
Joshua@PrinceLaw.com

*Counsel for Appellee*

## TABLE OF CONTENTS

1. Mr. Williams' 2004 Docket Sheet (dated Oct. 23, 2023)……… Supp. Appx1

2. Testimony and Exhibits from Mr. Williams' Deposition………. Supp. Appx6

3. Testimony from Mr. Colosimo' Deposition…………………... Supp. Appx13

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number:** MC-51-CR-0902161-2004
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Edward Williams

Page 1 of 5

### CASE INFORMATION

| | |
|---|---|
| **Judge Assigned:** Gehret, Thomas F. | **Date Filed:** 09/07/2004   **Initiation Date:** 09/07/2004 |
| **OTN:** N 293062-0   **LOTN:** | **Originating Docket No:** 0414072018 |
| **Initial Issuing Authority:** | **Final Issuing Authority:** Thomas F. Gehret |
| **Arresting Agency:** Philadelphia Pd | **Arresting Officer:** PRICE, ALBERT A. |
| **Complaint/Citation No.:** | **Incident Number:** 0414072018 |
| **County:** Philadelphia | **Township:** Philadelphia City |

**Case Local Number Type(s)** | **Case Local Number(s)**
--- | ---
Police Incident Number | 0414072018
Legacy Docket Number | M0409021611
Legacy Microfilm Number | 06024851
District Control Number | 0414072018

### STATUS INFORMATION

| | | | | |
|---|---|---|---|---|
| **Case Status:** Closed | **Status Date** | **Processing Status** | **Arrest Date:** | 09/07/2004 |
| | 06/15/2006 | Completed | | |
| | 09/07/2004 | Migrated Case (Active) | | |
| | | | **Complaint Date:** | 09/07/2004 |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Trial | 09/30/2005 | 8:30 am | 603 | | Scheduled |
| Sentencing | 12/15/2005 | 9:30 am | 200 | | Scheduled |
| Sentencing | 04/20/2006 | 9:30 am | 200 | | Scheduled |
| Sentencing | 05/03/2006 | 9:30 am | 200 | | Scheduled |
| Sentencing | 06/15/2006 | 9:30 am | 200 | | Scheduled |

### DEFENDANT INFORMATION

**Date Of Birth:** 11/20/1967   **City/State/Zip:** PHILA, PA 19141

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Williams, Edward |

### BAIL INFORMATION

**Williams, Edward**   **Nebbia Status:** None

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 09/07/2004 | ROR | Municipal Court | | $0.00 |

| Surety Type | Surety Name | Posting Status | Posting Date | Security Type | Security Amt |
|---|---|---|---|---|---|
| Self | Williams, Edward | Posted | 09/07/2004 | Bond Signature | $0.00 |

### CHARGES

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**MUNICIPAL COURT OF PHILADELPHIA COUNTY**

**DOCKET**

Docket Number: MC-51-CR-0902161-2004

**CRIMINAL DOCKET**

Court Case

Commonwealth of Pennsylvania
v.
Edward Williams

Page 2 of 5

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | M2 | 75 § 3731 §§ A5I* | Dr W/Bl Alc Lev .10% Or > W/In 3 Hrs | 09/07/2004 | N 293062-0 |

### DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade   Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |

**Guilty**

| | | |
|---|---|---|
| Migrated Dispositional Event | 06/15/2006 | Final Disposition |
| 1 / Dr W/Bl Alc Lev .10% Or > W/In 3 Hrs | Guilty | M2   75 § 3731 §§ A5I* |
| Gehret, Thomas F. | 06/15/2006 | |
| Confinement | Min of 90.00 Days | |
| | Max of 2.00 Years | |

### COMMONWEALTH INFORMATION

Name: Philadelphia County District Attorney's Office
Prosecutor
Supreme Court No:
Phone Number(s):
215-686-8000   (Phone)
Address:
3 South Penn Square
Philadelphia, PA  19107

### ATTORNEY INFORMATION

Name: Fortunato N. Perri Jr.
Private
Supreme Court No:   052719
Rep. Status:   Active
Phone Number(s):
215-981-0999   (Phone)
215-981-0999   (Office)
Address:
McMonagle Perri Et Al
1845 Walnut St Fl 19
Philadelphia, PA  19103

Representing: Williams, Edward

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/07/2004 | | Unknown Filer |
| PARS Transfer | | | |
| 2 | 09/07/2004 | | Migrated, Filer |
| MUNICIPAL COURT CASE CREATED | | | |
| 1 | 10/20/2004 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |

CPCMS 9082

Printed: 10/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

Supp. Appx2

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number: MC-51-CR-0902161-2004**
## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Edward Williams

Page 3 of 5

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/06/2004 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 01/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 03/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 2 | 03/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 05/04/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 2 | 07/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 09/30/2005 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 09/30/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 09/30/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 12/15/2005 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 12/15/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 12/15/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 04/20/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**Supp. Appx3**

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: MC-51-CR-0902161-2004
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Edward Williams

Page 4 of 5

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 04/20/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 04/20/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 05/03/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 05/03/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 05/03/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 06/15/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Disposition) Text | | | |
| 2 | 06/15/2006 | | Migrated, Filer |
| Migrated Sentence | | | |
| 3 | 06/15/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 4 | 06/15/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 5 | 06/15/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 6 | 06/15/2006 | | Migrated, Filer |
| PROBATION FACE SHEET ENTRY | | | |
| 1 | 08/31/2007 | | Municipal Court - Philadelphia County |
| DL-21CF to be Prepared | | | |
| 1 | 10/05/2009 | | Williams, Edward |
| Return Case From Collection Agency - Monies Successfully Collected | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**Supp. Appx4**

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: MC-51-CR-0902161-2004
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Edward Williams

Page 5 of 5

### CASE FINANCIAL INFORMATION

Last Payment Date: 09/16/2009　　　　　　　　　　　　　　　Total of Last Payment: -$250.00

**Williams, Edward**
Surety

| | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| State Court Costs (Act 204 of 1976) | $9.26 | ($9.26) | $0.00 | $0.00 | $0.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $7.94 | ($7.94) | $0.00 | $0.00 | $0.00 |
| County Court Cost (Act 204 of 1976) | $25.80 | ($25.80) | $0.00 | $0.00 | $0.00 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | ($35.00) | $0.00 | $0.00 | $0.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | ($25.00) | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | ($5.00) | $0.00 | $0.00 | $0.00 |
| Catastrophic Loss Fund (Act 24 of 1989) | $50.00 | ($100.00) | $50.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.50 | ($8.50) | $0.00 | $0.00 | $0.00 |
| ATJ | $1.50 | ($1.50) | $0.00 | $0.00 | $0.00 |
| CQS Fee Misdemeanor (Philadelphia) | $50.00 | ($50.00) | $0.00 | $0.00 | $0.00 |
| Collection Fee (Philadelphia) | $100.98 | ($100.98) | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $318.98 | ($368.98) | $50.00 | $0.00 | $0.00 |
| **Fines** | | | | | |
| Title 75, DUI (Motor License Fund) | $750.00 | ($750.00) | $0.00 | $0.00 | $0.00 |
| Title 75, DUI (Motor License Fund) | $750.00 | ($750.00) | $0.00 | $0.00 | $0.00 |
| Fines Totals: | $1,500.00 | ($1,500.00) | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $1,818.98 | ($1,868.98) | $50.00 | $0.00 | $0.00 |

\*\* - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**Supp. Appx5**

CONFIDENTIAL

# LAW OFFICES OF ANDREW G. GAY, JR., LLC

1731 SPRING GARDEN STREET • PHILADELPHIA, PA 19130 • PHONE: 215.545.7110 • FAX: 215.545.7131

RECEIVED FEB 18 2015

February 12, 2015

Pennsylvania State Police
Firearms Division – PICS Challenge Unit
1800 Elmerton Avenue
Harrisburg, PA 17110

RE: EDWARD A. WILLIAMS
File No. 15C0004518

Dear Sir or Madam:

This office represents Edward Williams in his challenge to the denial of an application for a license to carry a firearm. Mr. Williams appeals his denial by virtue of this correspondence.

Enclosed are the following items: (1) a denial letter from the Pennsylvania State Police, dated January 13, 2015 (2) a copy of a docket sheet for MC-51-CR-0902161-2004, (3) a certified copy of the aforementioned file from the Office of Judicial Records, Philadelphia County, provided to me by my client, and (4) a letter from the City of Philadelphia, dated December 18, 2014.

If Mr. Williams' denial was based on the disposition of the above-referenced Municipal Court Docket, please note that the certified record indicates that my client was convicted under 75 Pa.C.S.A. 3802, relating to Driving Under the Influence. It also appears from the record that the Court designated this offense as an ungraded misdemeanor, punishable by not more than one (1) year.

My client's prior conviction under the Motor Vehicle Code does not appear to be a disqualifying event under 18 Pa.C.S.A. 6109(e)(iii), or Section 6109(e)(viii). Additionally, based on the enclosed documents, Mr. Williams does not appear to be a prohibited individual pursuant to 18 Pa.C.S.A. 6105(b), or Section 6105(c)(3).

Upon consideration of the information provided in this letter, I respectfully request that you reconsider the denial of Mr. Williams' weapons permit application.

CONFIDENTIAL

Pennsylvania State Police
January 12, 2015
Page 2 of 2

If the denial was based on other information, kind provide documentation of same to which Mr. Williams will file a response.

Very truly yours,
LAW OFFICE OF ANDREW G. GAY, JR., LLC

ANDREW G. GAY, JR.

Enclosures

CC: Edward A. Williams
    Bradford Richman, Esquire, City of Philadelphia

CERTIFIED MAIL #7013 0600 0001 1628 3363
RETURN RECEIPT REQUESTED

```
1         A.    Yes.
2         Q.    Is there any other credential that
3    you have or educational degree that we haven't
4    discussed yet?
5         A.    No.
6         Q.    Mr. Williams, have you ever owned a
7    gun?
8         A.    Yes.
9         Q.    When did you own a gun?
10        A.    I would say 1993 until we talked in
11   like 2015, 2014.
12        Q.    How many guns did you own during
13   that period of time?
14        A.    Throughout the years how many I've
15   owned, about 20.
16        Q.    Let me ask you this: In 1993 was
17   that the first time you ever owned a gun?
18        A.    Yes.
19        Q.    In 2014, sometime in 2014, 2015 it
20   sounds like you completely gave up your
21   ownership of all firearms; is that right?
22        A.    Yes.
23        Q.    What kind of guns did you have
24   during that period of time?
25        A.    Semi-automatics, revolvers and
```

1  shotguns.
2      Q.   What happened to the guns that you
3  finally got rid of them 2014 or 2015?
4      A.   Sold back to the shops or sold to
5  individuals that were interested in purchasing
6  at the time.
7      Q.   When did you learn Mr. Williams
8  that you could not own a gun?
9      A.   2014.
10     Q.   Do you recall what it was that
11 caused you to learn that?
12     A.   I had applied for my license to
13 carry and I got denied. I hired an attorney who
14 wrote some letters for me and the Pennsylvania
15 State Police finally confirmed the decision
16 that I couldn't hold, according to the state
17 laws, hired Joshua Prince and his firm, and
18 after checking, they determined that I
19 shouldn't have anything in my possession, so I
20 made sure I got rid of everything that could
21 cause any problems down the road.
22     Q.   So prior to 2014, you were not
23 aware that you could not possess a gun; is that
24 right?
25     A.   Yes; that's correct.

1  arrested.
2       Q.   The night you were arrested?
3       A.   Yes.
4       Q.   As of your arrest in 2004 for the
5  DUI, you were aware that you no longer had a
6  license to carry; is that right?
7       A.   Yes.
8       Q.   But my understanding is that you
9  didn't become aware that you couldn't possess a
10 gun until 2014; is that right?
11      A.   Correct.
12      Q.   So what was your understanding
13 between 2004 and 2014 as to your ability to
14 possess a gun?
15      A.   While I was on probation, they
16 allowed me to continue working in the firearms
17 shop.
18      Q.   Who allowed you?
19      A.   ATF for the State Police. I didn't
20 have my license to carry, but I still had my
21 firearms.
22      Q.   Were there ways in which you used
23 the gun without using the license to carry
24 during those 10-year period of time?
25      A.   I went to the pistol range.

1   that?
2        A.   Yes.
3        Q.   Is that accurate to your knowledge
4   that this form was filled out around August of
5   2007?
6        A.   Yes, sir.
7        Q.   Can you give me the circumstances
8   that caused you to fill out this form? Did you
9   fill out this form, the top half of Exhibit-7?
10       A.   Yes.
11       Q.   Can you tell me the circumstances
12  that lead you to fill it out?
13       A.   I was done with probation and I
14  think June 2007 everything was complete as far
15  as fines, safety classes, money is paid. And I
16  had all the paperwork showing that I was
17  complete and free, so I decided to purchase a
18  firearm. I went down to the shop, showed them
19  my driver's license, filled out the form. I got
20  approved for my gun.
21       Q.   Which shop did you go to?
22       A.   South Philly, 9th and Elseworth I
23  believe.
24       Q.   You were working at Colosimo's at
25  this point, weren't you?

```
1          A.    Yes.
2          Q.    In 2007?
3          A.    Yes.
4          Q.    Who completed the background check
5    for you?
6          A.    The State Police.
7          Q.    But was the Philadelphia Archery
8    and Gun Club, were they the ones --
9          A.    Yes, Michael.
10         Q.    Is it Michael Fusco; is that right?
11         A.    Correct.
12         Q.    Do you remember Mr. Fusco running
13   your background check at this time?
14         A.    Yes, I do.
15         Q.    What do you recall from the results
16   of the check?
17         A.    As you can see I was approved. I
18   waited about 15 minutes or so. They came back
19   with an approval number.
20         Q.    What happened to the Glock-23 that
21   you purchased?
22         A.    I eventually returned it back to
23   them once I found out that I was not supposed
24   to have it.
25         Q.    So that was around 2014/2015 you
```

1   Q   Okay.  Did Mr. Williams ever communicate
2   to you any criminal history that he had?
3   A   No.
4   Q   Did he ever inform you about a DUI
5   conviction that he had on his record?
6   A   Yes.
7   Q   When did he tell you that?
8   A   I don't recall.
9   Q   Was it recently, or was it while he was
10  employed for the company?
11  A   I don't recall.
12  Q   Do you recall what it is that he told you
13  about the DUI conviction?
14  A   Had a DUI.
15  Q   ==Whenever he told you about the DUI==
16  ==conviction, did he tell you anything about whether==
17  ==he could remain employed and possess firearms?==
18  A   ==It was checked out by ATF and by the City,==
19  ==and they said it was okay.==  ==They were -- right==
20  ==across the street from the City, and ATF was in==
21  ==there every two weeks.==  ==And they knew about it.==
22  Q   Let's talk about that a little bit.
23      What do you recall about ATF learning
24  about Mr. Williams's DUI conviction?
25  A   Nothing, except it was all right.  They

JAMES J. COLOSIMO

1  didn't say fire him.  They didn't say he couldn't
2  work there.
3       Q    To your recollection, how do recall ATF
4  becoming aware of his DUI conviction?
5       A    ATF was in my place every week.  They were
6  aware of everything.
7       Q    But how did they become aware of the
8  particular DUI conviction?  Did Mr. Williams tell
9  them about it, or did it come back on a background
10 check?  Do you recall?
11      A    I don't know.
12      Q    ==Well, then how do you know that ATF knew==
13 ==about it?==
14      A    ==Because I inquired on it.==
15      Q    ==Okay.  You inquired with ATF?==
16      A    ==Yes.==
17      Q    And who did ask?  One of the ATF agents?
18      A    Oh, I don't remember.
19      Q    I'm not asking for individual names.
20      A    Oh, I mean, you know, you're going back
21 years now.
22      Q    Unfortunately, yes, sorry.  I guess, what
23 I'm understanding then is you inquired with an ATF
24 employee, whoever they were, whatever their name
25 was, about the nature of Mr. Williams's conviction

1  and his eligibility for employment at the company;
2  is that right?
3       A    Yes.
4       Q    Okay.  But you don't recall specifically
5  when that was?
6       A    No.
7       Q    And you don't recall who at ATF you talked
8  to; right?
9       A    Whoever the agent was at that time.
10      Q    Okay.  Did the agent indicate to you that
11 they had conducted a background check on
12 Mr. Williams?
13      A    He was allowed to work.
14      Q    No, that's not my question.
15      A    What is your question?
16      Q    My question is whether the ATF agent
17 indicated to you that they conducted a background
18 check on Mr. Williams?
19      A    Yes.
20      Q    And what did they say to you about the
21 background check?
22      A    I don't remember.
23           (Discussion was held off the record.)
24 BY MR. SCICCHITANO:
25      Q    Do you recall whether ATF gave you any

1  paperwork indicating the completion of a background
2  check on Mr. Williams or his eligibility to be
3  employed at Colosimo's Incorporated?  Is that a no?
4       A    I don't know.
5       Q    You don't recall?
6       A    Ask me the question again.
7       Q    Do you recall receiving any paperwork from
8  ATF indicating that ATF had conducted a background
9  check on Mr. Williams or that he was eligible for
10 employment at Colosimo's Incorporated?
11      A    ==They said he was eligible.==
12      Q    I understand, sir.
13      A    Paperwork, I don't remember.
14      Q    Okay.  That's my question, okay.
15           Did you yourself conduct any
16 background checks on Mr. Williams?
17      A    On all my employees I did when they came
18 to work.
19      Q    Okay.  Did -- how frequently did you
20 conduct background checks on them?
21      A    When they came to work.
22      Q    When they started working?
23      A    When they started work.
24      Q    Okay, okay.  And I personally don't even
25 know --