

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

June 28, 2024

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

  Re: *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

  We write in response to plaintiff-appellee's letter regarding *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024), and to inform this Court of *United States v. Dorsey*, No. 23-2125 (3d Cir. June 24, 2024).

  *Rahimi* upheld the federal law disarming individuals subject to certain domestic violence protective orders. The Court emphasized that "some courts have misunderstood the methodology of our recent Second Amendment cases." *Id.* at *6. Those cases, the Court explained, "were not meant to suggest a law trapped in amber." *Id.* As one of the concurrences noted, "imposing a test that demands overly specific analogues has serious problems," including "forc[ing] 21st-century regulations to follow late 18th-century policy choices" and "assum[ing] that founding-era legislatures maximally exercised their power to regulate." *Id.* at *30 (Barrett, J., concurring). The Court explained that "the appropriate analysis" under the Second Amendment instead "involves considering whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at *6 (majority opinion) (emphasis added).

Under this test, application of the longstanding federal felon-dispossession law to Williams is consistent with the Second Amendment. As the government has explained, two independent historical principles defeat Williams's challenge. Gov't Br. 19-34; Reply Br. 3-4, 14-26. Williams's arguments to the contrary rely upon "misunderst[andings]" of "the methodology of [the Supreme Court's] recent Second Amendment cases," *Rahimi*, 2024 WL 3074728, at *6. For example, Williams asks this Court to set aside historical analogues on the basis that they are not identical to the felon-dispossession law. *See* Reply Br. 7-9. But the Supreme Court recognized that while the law challenged in *Rahimi* was "by no means identical" to founding-era regulations, "it does not need to be." *Rahimi*, 2024 WL 3074728, at *9.

*Dorsey* is likewise consistent with the government's arguments in this case. As *Dorsey* emphasized, this Court's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), is notable for its "narrowness." *Dorsey*, slip op. at 13; *see* Gov't Br. 34-40; Reply Br. 3, 19-20.

                                          Sincerely,

                                          */s/ Kevin B. Soter*
                                          Kevin B. Soter

cc:    All counsel (via CM/ECF)