

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

July 5, 2024

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

     Re:    *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

     We write to inform the Court of the Supreme Court's July 2 order in *Garland v. Range*, No. 23-374, which granted the government's petition for a writ of certiorari, vacated this Court's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), and remanded for further consideration in light of *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024).

     For the reasons explained in the government's briefs and its recent letter addressing *Rahimi*, application of the longstanding federal felon-dispossession law to Williams is consistent with the Second Amendment. That was true while *Range* was binding precedent, which is no longer the case. *Rahimi* makes it even more clear.[1]

---

[1] Several other constitutional challenges to 18 U.S.C. § 922(g)(1), aside from *Range* itself, are also pending before this Court and may present the Court with occasion to resolve important, related issues. *See, e.g.*, *United States v. Quailes & Harper*, Nos. 23-2533, 23-2604 (consolidated appeals from district court decisions holding Section 922(g)(1) unconstitutional under this Court's decision in *Range* as applied to one criminal defendant with 13 felony convictions, including five for robbery and four

                                         Sincerely,

                                         */s/ Kevin B. Soter*
                                         Kevin B. Soter

cc:    All counsel (via CM/ECF)

---

for drug trafficking, and another with six felony convictions, four of which were for drug trafficking); *United States v. Moore*, No. 23-1843 (appeal by criminal defendant with two state-court convictions for drug trafficking and federal convictions for distribution of cocaine base and possessing a firearm while a convicted felon, and where the defendant was serving a term of federal supervised release when he possessed a firearm); *see also Pitsilides v. Attorney General*, No. 21-3320 (appeal from pre-*Bruen* decision upholding Section 922(g)(1)'s constitutionality as applied to a civil plaintiff with disqualifying state-law misdemeanors related to illegal gambling).