

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

August 12, 2024

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

     Re:   *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

     We respectfully inform the Court of the Eighth Circuit's decision in *United States v. Jackson*, No. 22-2870, 2024 WL 3711155 (Aug. 8, 2024). On remand from the Supreme Court for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024), the Eighth Circuit reaffirmed its prior holding foreclosing individualized as-applied challenges to 18 U.S.C. § 922(g)(1). The Eighth Circuit again relied on the Supreme Court's "assurances" regarding felon-dispossession laws as well as "the history that supports them" to "conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Jackson*, 2024 WL 3711155, at *4; *see* Gov't Br. 40 (citing the prior opinion in *Jackson*).

     With respect to the Supreme Court's assurances regarding felon-dispossession laws (*see* Gov't Br. 13-14), the Eighth Circuit relied on passages in *Rahimi* that "referred back" to these assurances. *Jackson*, 2024 WL 3711155, at *7; *see also id.* at *4.

     As to legislative authority to disarm persons who have committed serious crimes (*see* Gov't. Br. 19-23), the Eighth Circuit reasoned that, while the best "interpretation of the history" of categorical firearm restrictions "may be debatable," there is "considerable support in the historical record" for Congress's authority "to prohibit possession of firearms

by persons who have demonstrated disrespect for legal norms of society," 2024 WL 3711155, at *6. And the court included a *cf.* citation to a passage in *Rahimi* to support the comparison between Section 922(g)(1) and Founding-era felony punishment laws. *Jackson*, 2024 WL 3711155, at *6 (citing *Rahimi*, 144 S. Ct. at 1902); *see* Gov't Br. 19-21.

Finally, as to legislative authority to disarm categories of persons to address a risk of dangerousness (*see* Gov't Br. 23-26), the Eighth Circuit reaffirmed its conclusion that "Congress operated within this historical tradition when it enacted § 922(g)(1)." *Jackson*, 2024 WL 3711155, at *6.

Under the Eighth Circuit's reasoning, Williams's challenge to Section 922(g)(1) would fail.

Sincerely,

*/s/ Kevin B. Soter*
Kevin B. Soter

cc:    All counsel (via CM/ECF)