

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

September 19, 2024

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

    We respectfully inform the Court of the Sixth Circuit's decision in *United States v. Williams*, No. 23-6115 (6th Cir. Aug. 23, 2024), and respond to plaintiff-appellant's letter regarding *United States v. Connelly*, No. 23-50312 (5th Cir. Aug. 28, 2024).

    *Williams* upheld 18 U.S.C. § 922(g)(1) as applied to the defendant. The majority opinion's statements regarding a "dangerousness" limitation concern factual scenarios that were "not before [the court]," Op.31—the case "can" (and should) have "be[en] decided" without endorsing any such theoretical limitation, Op.32 (Davis, J., concurring in judgment). Moreover, a regime of "fact-specific dangerousness determinations" is ahistorical, unworkable, and departs from numerous persuasive decisions. *See* Gov't Br. 24-34; Gov't Reply Br. 21-22; Gov't 28(j) Letter re *Jackson* (Aug. 12, 2024); *see also Pontarelli v. Department of Treasury*, 285 F.3d 216, 231 (3d Cir. 2002) (en banc) ("Unlike ATF, courts possess neither the resources . . . nor the expertise to predict accurately which felons may carry guns without threatening the public's safety.").

    In any event, *Williams* does not support plaintiff's arguments. *Williams* concluded that "most applications of § 922(g)(1) are constitutional." Op. 23; *see also* Op. 31 (listing examples). History establishes that governments have made "determinations for centuries" that "whole classes" are

"presumptively dangerous." Op.22. Even if the Second Amendment entitled individual felons to seek to persuade a government official "that their particular possession of a weapon posed no danger to peace," *id.*, "the burden" would "rest[] on [the individual] to show he's not dangerous." Op.30-31. And even assuming "district courts should make fact-specific dangerousness determinations," Op.31, no such determination has been made here. Indeed, the district court ruled for plaintiff despite its "concern[] about the prospect of granting access to firearms to persons who have demonstrably abused alcohol," and even though "Plaintiff's offenses were serious and his conduct during his convictions in 2004 and 2005 dangerous." Appx11.

*Connelly* concerns a different statutory provision, implicates distinct historical arguments, and is unpersuasive on its own terms. Its reasoning parallels that of *United States v. Daniels*, an earlier Fifth Circuit decision that does not assist plaintiff. *See* Gov't Reply Br. 16-17.

Sincerely,

*/s/ Kevin B. Soter*
Kevin B. Soter

cc:　All counsel (via CM/ECF)