# PRINCE LAW OFFICES, P.C.

**Warren H. Prince**
**Karl P. Voigt IV**
**Joshua G. Prince**
**Stanley J. Kuter**
**Jeffrey A. Franklin**
**Kevin Fenchak**
**Dillon L. Harris**
**Adam J. Kraut** *(Of Counsel)*

| | |
|---|---|
| **Bechtelsville** | **1-610-845-3803** |
| **Allentown** | **1-610-770-1151** |
| **Bethlehem** | **1-610-814-0838** |
| **Camp Hill** | **1-717-731-0100** |
| **Lancaster** | **1-717-393-7002** |
| **Lebanon** | **1-717-274-9250** |
| **North Wales** | **1-215-412-0800** |
| **Pottstown** | **1-610-326-4200** |
| **Pottsville** | **1-570-621-8828** |
| **Reading** | **1-610-375-8425** |
| **Toll Free** | **1-888-313-0416** |
| **Fax** | **1-610-845-3903** |

September 26, 2024

**VIA CM/ECF**
U.S. Court of Appeal for the Third Circuit
Attn: Patricia S. Dodszuweit, Clerk of Court
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

     **RE:**   *Edward Williams v. Attorney General of the U.S., et al., No. 24-1091*

Dear Ms. Dodszuweit,

     Plaintiff/Appellant Williams respectfully responds to the Government's letter regarding *United State v. Erick Williams*, No. 23-6115 (6th Cir. Aug. 23, 2024).

     It is extremely telling that the Government fails to advise this Court as to the actual, factual background regarding Erick Williams' prohibition, pursuant to 18 U.S.C. § 922(g)(1), and his challenge, as compared to Plaintiff/Appellant Williams and his challenge. Unlike Plaintiff/Appellant, who the Government contends putatively became prohibited pursuant to Section 922(g)(1) as a result of a single, isolated driving under the influence conviction, which did not involve any property damage, harm to a person or a firearm, and whom brought a civil challenge in response to the Government's contention (Appellant's Br. 4-8), Erick Williams' had been convicted of "attempted murder," "two felony counts of aggravated robbery" for robbing "two people at gunpoint," and "possessing a firearm as a felon" (Op.29-30), was found to be in possession of a loaded pistol in his car, while under the influence of marijuana, and moved to dismiss his indictment "for possessing a gun as a felon" (Op.1-2).

     Beyond the majority of these offenses being the felony common-law offenses of "murder, rape, assault, and robbery" that have existed since Founding (Op.24) as compared to the absence of *any* putative prohibition related to driving under the influence until the Federal Firearms Act of 1961 (Appellant's Br. 20-27), it is interesting that the Government quotes, *approvingly*, to the court's statement that "if the

Second Amendment entitled individual felons to seek to persuade a government official 'that their particular possession of a weapon posed no danger to peace,' *id.*, 'the burden' would 'rest[] on [the individual] to show he's not dangerous'. Op.30-31." Gov't F.R.A.P 28(j) letter of Sept. 19, 2024. In this matter, Plaintiff/Appellant was evaluated by Psychologist Robert Gordon and found to have "a normal personality without psychopathology and without addition or violent tendencies" and that "Mr. Williams may possess a firearm without rick to himself or any other person" (Appellant's Br. 34-35); thus, establishing that he is not dangerous and the Government has failed to submit any evidence to the contrary.

        Respectfully Submitted,

Joshua Prince, Esq.
PA Bar No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@PrinceLaw.com
(888) 202-9297 ext 81114

cc: All counsel (via CM/ECF)