IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| EDWARD A. WILLIAMS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ATTORNEY GENERAL OF THE UNITED STATES, et al., <br><br> Defendants-Appellants. | No. 24-1091 |

## MOTION TO PLACE APPEAL IN ABEYANCE

The government respectfully requests that this appeal be placed in abeyance pending further proceedings in *Range v. Attorney General*, No. 21-2835.

1. This appeal involves a Second Amendment challenge to 18 U.S.C. § 922(g)(1), which prohibits firearm possession by persons convicted of offenses punishable by more than one year of imprisonment. Plaintiff-appellee's disqualifying convictions are based on recidivist drunk driving.

2. After initially affirming the district court's holding that Section 922(g)(1) is constitutional as applied to plaintiff, this Court vacated and remanded for further proceedings in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). On remand, the district court stayed proceedings

pending this Court's en banc decision in *Range v. Attorney General*, No. 21-2835. After the en banc Court issued its decision in *Range*, proceedings in district court resumed. The district court then relied on this Court's prior decision in *Range* to support its conclusion that Section 922(g)(1) is unconstitutional as applied to plaintiff. The government's appeal followed.

3. Shortly after the government filed its reply brief in this appeal, the Supreme Court issued a decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and issued an order in *Range* granting, vacating, and remanding for further proceedings. The en banc Court in *Range* then called for supplemental briefs addressing *Rahimi* and scheduled oral argument for October 9.

4. Oral argument in this case is currently scheduled for November 1. Undersigned counsel will be presenting oral argument on behalf of the government in both *Range* and this matter.

5. There is potentially significant overlap between the issues presented in this case and the issues that the en banc Court is scheduled to address in *Range*. Both cases involve civil plaintiffs asserting that Section 922(g)(1) violates the Second Amendment as applied to them based on their state-law misdemeanor offenses punishable by up to five years' imprisonment. The cases implicate overlapping considerations regarding the effect of *Rahimi* and the historical principles that underpin felon-dispossession laws.

6. A new precedent from the en banc Court in *Range* could have a significant impact on these proceedings. Without the benefit of that Circuit precedent, however, there is likely to be substantial overlap in the parties' oral argument responses in these cases. It seems particularly likely that similar ground would be covered in both arguments if they proceed under the current schedule.[1] And it is also possible that further briefing addressing a new precedent in *Range* will assist the Court in resolving this matter.

Placing this appeal in abeyance would therefore permit the Court to consider this case with the benefit of any new guidance that may be included in the en banc Court's decision, facilitating an orderly and efficient judicial process. It would also ensure that the parties have a full opportunity to address the impact of that precedent.

7. Counsel for plaintiff has informed the undersigned that plaintiff opposes this request.

---

[1] In a different civil plaintiff's challenge to Section 922(g)(1), the Court recently postponed oral argument from October 8 to December 9. *See* Order, *Pitsilides v. Attorney General*, No. 21-3320 (3d Cir. Oct. 1, 2024).

Respectfully submitted,

<u>/s/ Kevin B. Soter</u>
KEVIN B. SOTER
*Attorney, Appellate Staff*
*Civil Division, Room 7222*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*California Bar No. 324524*
*(202) 514-3602*
*kevin.b.soter@usdoj.gov*

OCTOBER 2024

# CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 525 words, according to the count of Microsoft Word.

*/s/ Kevin B. Soter*
KEVIN B. SOTER