

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

October 7, 2024

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

    We respectfully inform the Court of the Fifth Circuit's decision in *United States v. Diaz*, No. 23-50452, 2024 WL 4223684 (5th Cir. Sept. 18, 2024). That decision rejected facial and as-applied Second Amendment challenges to 18 U.S.C. § 922(g)(1) brought by a plaintiff with felony convictions for car theft, evading arrest, and possessing a firearm as a felon. *See Diaz*, 2024 WL 4223684, at *6-9.

    As *Diaz* recognized, historical capital punishment laws "establish a historical tradition of permanently punishing certain offenders"; and "if capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible." *Diaz*, 2024 WL 4223684, at *7. The Fifth Circuit concluded that this follows directly from the logic the Supreme Court applied when considering historical "going armed" laws in *United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024): "'if imprisonment was permissible to respond to the use of guns to threaten the physical safety of others, then the lesser restriction of temporary disarmament that Section 922(g)(8) imposes is also permissible.'" *Id.* (quoting *Rahimi*, 144 S. Ct. at 1902). That is the same passage of *Rahimi* that we have relied upon here, and that the Eighth Circuit relied upon in *United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024), to support the comparison between Section 922(g)(1) and

Founding-era felony punishment laws. *See* Gov't 28(j) Letter re *Jackson* (Aug. 12, 2024); Supplemental Brief of Appellees Addressing *United States v. Rahimi* 4, 12, *Range v. Attorney General*, No. 21-2835 (3d Cir. Aug. 2, 2024). As we have previously explained, this and other aspects of *Rahimi* confirm that Williams's challenge to the federal felon-dispossession statute fails. *See* Gov't 28(j) Letter re *Rahimi* (June 28, 2024).

                                             Sincerely,

                                             */s/ Kevin B. Soter*
                                             Kevin B. Soter

cc:    All counsel (via CM/ECF)