IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

EDWARD A. WILLIAMS,

    Plaintiff-Appellee,

v.

ATTORNEY GENERAL OF THE UNITED STATES, et al.,

    Defendants-Appellants.

No. 24-1091

## JOINT STATUS REPORT

This appeal involves a Second Amendment challenge to 18 U.S.C. § 922(g)(1), which prohibits firearm possession by persons convicted of offenses punishable by more than one year of imprisonment. Plaintiff-appellee's disqualifying conviction is based on drunk driving. On March 11, 2025, this Court stayed further proceedings and postponed a supplemental briefing deadline in light of Second Amendment-related developments following a change in administration. The Court directed the parties to file a joint status report by May 19, 2025.

**Defendants-appellants state the following:**

Following a change in administration, the President issued an Executive Order which, among other things, directs the Attorney General to "present a

proposed plan of action" upon review of "[t]he positions taken by the United States in any and all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights." Exec. Order No. 14206, § 2(b)(v), 90 Fed. Reg. 9503 (Feb. 12, 2025). In light of this Executive Order, the government filed a motion, which this Court granted, to postpone the supplemental briefing set forth in this Court's February 7 order and hold this appeal in abeyance.

Since then, citing this Executive Order, the Attorney General issued an interim final rule withdrawing the delegation of authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to administer 18 U.S.C. § 925(c). *See Withdrawing the Attorney General's Delegation of Authority*, 90 Fed. Reg. 13,080 (Mar. 20, 2025). Under that statutory provision, a person who is disqualified from possessing firearms, including a person disqualified under Section 922(g)(1), "may make application to the Attorney General for relief from the disabilities." 18 U.S.C. § 925(c). "[T]he Attorney General may grant such relief" if the applicant shows that "the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *Id.* A person whose application is denied "may file a petition with the United States

district court for the district in which he resides for judicial review of such denial." *Id.*

Before this interim final rule was issued, Section 925(c)'s relief-from-disabilities program had effectively been suspended. *See United States v. Bean*, 537 U.S. 71, 74-75 (2002). This is no longer the case. The Attorney General described the recent interim final rule as "an appropriate first step"; the Department of Justice "anticipates future actions, including rulemaking consistent with applicable law, to give full effect to 18 U.S.C. 925(c) while simultaneously ensuring that violent or dangerous individuals remain disabled from lawfully acquiring firearms." 90 Fed. Reg. at 13,083; *see id.* ("[T]he specific contours of any new approach to the implementation of 18 U.S.C. 925(c) may be refined through rulemaking.").

Since issuing this interim final rule, the Department has taken the following position in litigation challenging Section 922(g)(1)'s constitutionality: "At least as a general matter, the disarmament of convicted felons complies with the Second Amendment." Brief for the United States in Opposition at 6, *Jackson v. United States*, No. 24-6517 (U.S. filed Apr. 11, 2025). Section 925(c) bears on the constitutional analysis in the following way: "By providing a mechanism through which convicted felons can regain their ability to possess firearms, Section 925(c) addresses any constitutional concerns about

the breadth and duration of the restriction imposed by Section 922(g)(1)." *Id.*
at 11. That statutory process, the Department has explained, "also provides a
more workable process for restoring firearms rights than would a court-
administered regime of as-applied challenges." *Id.* (citing *Bean*, 537 U.S. at
74). The Department has also noted that courts "that have raised
constitutional concerns about some of Section 922(g)(1)'s applications,"
including this Court, "have suggested that making Section 925(c) operational
would alleviate those concerns." *Id.* at 16 (citing *Range v. Attorney General*, 124
F.4th 218, 230, 232 (3d Cir. 2024) (en banc); and *United States v. Williams*, 113
F.4th 637, 661 (6th Cir. 2024)).

Given the significant impact that a decision on a Section 925(c)
application could have on these proceedings, the government informed
plaintiff's counsel on March 20 that plaintiff could pursue relief under Section
925(c) by contacting the Department's Office of the Pardon Attorney. In
response to an inquiry from plaintiff's counsel regarding how any such request
would be evaluated, government counsel informed plaintiff that the
Department's determination would be made based on the statutory standard
for relief under Section 925(c) as applied to Mr. Williams based on information
and documents that would be collected by the Department, including (but not

limited to) an authorization for the release of information to enable the Department to perform an up-to-date background check.

Plaintiff's counsel has stated that, at this time, plaintiff does not intend to pursue relief under Section 925(c). Counsel has stated that such an application is unwarranted, and that plaintiff cannot presently come to "an informed decision" regarding whether to apply in the absence of a more formal "process or defined criteria."

The government respectfully suggests that proceedings in this Court should remain in abeyance. As explained above, the Department "anticipates future actions, including rulemaking consistent with applicable law, to give full effect to 18 U.S.C. 925(c)." 90 Fed. Reg. at 13,083. If Plaintiff were to determine based on those future actions (or for any other reason) to request relief from the Department under Section 925(c), it would be appropriate to keep this appeal in abeyance pending evaluation of such an application. Because plaintiff's counsel's statements to date do not definitively rule out the possibility that he would seek relief under Section 925(c) while this appeal remains pending, the government's view is that this appeal is not yet ripe for supplemental briefing and resolution. If this Court were to determine that litigation of this appeal should proceed in the current posture, the government

respectfully requests that any supplemental briefing be due at least 28 days from the Court's order.

**Plaintiff-appellee states the following:**

It is curious that the Government originally requested a stay in this matter, on the basis of President Trump's Executive Order, for the Attorney General to make a decision as to whether the Government's position in this matter is one "that affects or could affect the ability of Americans to exercise their Second Amendment rights;" yet, the Government fails to address the status of the Attorney General's review of this matter. As Mr. Williams contended in his response to the Government's motion to stay, "it should not take more than a cursory review of this matter to find that the Government's position does affect the ability of Americans to exercise their Second Amendment right, as the District Court already held that *as-applied* to Mr. Williams, 18 U.S.C. § 922(g)(1) does."

Regardless, as the Government acknowledges, relief is not currently available pursuant to Section 925(c) and rulemaking has not even been initiated. Thus, it has no bearing on this matter.

Moreover, even if, *arguendo*, relief were available or becomes available at some point in the future, it would be inapplicable to Mr. Williams, as the district court already found that *as-applied* to his DUI conviction, Section

922(g)(1) is unconstitutional. Thus, he is not prohibited under the law and would have no basis under the law to petition pursuant to Section 925(c).

As this case has already been pending almost 8 years – and Mr. Williams' right to bear arms infringed throughout it – Mr. Williams requests that this Court direct that the supplemental briefing be filed and, in agreement with the Government, that is be due 28 days from the Court's order.

Respectfully submitted,


*/s/ Joshua Prince*

JOSHUA PRINCE, ESQ.
  Attorney ID No. 306521
  Prince Law Offices, P.C.
  646 Lanape Rd
  Bechtelsville, PA 19505
  (888) 202-9297, ext 81114
  Joshua@PrinceLaw.com


*Counsel for Plaintiff-Appellee*

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

MICHAEL S. RAAB

*s/ Kevin B. Soter*

KEVIN B. SOTER
  Attorneys, Appellate Staff
  Civil Division, Room 7222
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-1754
  kevin.b.soter@usdoj.gov


*Counsel for Defendants-Appellants*

MAY 2025

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,265 words, according to the count of Microsoft Word.

*/s/ Kevin B. Soter*
KEVIN B. SOTER