

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

July 18, 2025

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

    We respectfully inform the Court of the Department of Justice's notice of proposed rulemaking (NPRM) regarding relief from federal firearms disabilities under 18 U.S.C. § 925(c). The NPRM was made publicly available today on the Department's website. *See* Application for Relief from Disabilities NPRM, https://www.justice.gov/ag/media/1408436/dl?inline=&utm_medium=email&utm_source=govdelivery (July 18, 2025).

    The NPRM explains that "a functional section 925(c) process would render much of [the] litigation" challenging the as-applied constitutionality of 18 U.S.C. § 922(g)(1) "unnecessary." NPRM at 9. As the government has previously explained, further regulations are not required to render *this* litigation unnecessary. The Attorney General already has statutory authority—which she has exercised—to grant relief. *See* Granting of Relief; Federal Firearms Privileges, 90 Fed. Reg. 17,835 (Apr. 29, 2025); Withdrawing the Attorney General's Delegation of Authority, 90 Fed. Reg. 13,080 (Mar. 20, 2025).

    The Attorney General has now announced more general "criteria" that she anticipates would guide future "discretionary determinations under the statute." NPRM at 10; *see id.* at 34-37, 43-45. "Under the proposed rule, certain applicants would be presumptively ineligible for relief and

therefore denied relief absent extraordinary circumstances." NPRM at 10. The Attorney General would also consider, among other things, whether in her view "a failure to grant relief would infringe the applicant's rights under the Second Amendment." NPRM at 44.

Plaintiff's 2005 DUI conviction would not render him presumptively ineligible. *See* NPRM at 34-37. We reiterate that, while the Department can provide no guarantees as to the outcome, it is prepared to consider relief under Section 925(c) for plaintiff even in the absence of further rulemaking. Whereas the proposed rule would set forth detailed application requirements and require applicants to pay a fee, NPRM at 37-43, 47, the Department has invited plaintiff to apply through a streamlined process without paying any application fee. An application at this stage would support placing this appeal in abeyance, during which plaintiff would continue to have the benefit of the district court's decision in his favor.

Sincerely,

*/s/ Kevin B. Soter*
Kevin B. Soter

cc:   All counsel (via CM/ECF)