

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

September 12, 2025

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

We respectfully inform the Court of *United States v. Walters*, No. 22-1812, 2025 WL 2536696 (3d Cir. Sept. 4, 2025), which rejected an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1) on plain-error review. The defendant asserted that the statute's unconstitutionality was clear from this Court's en banc decision in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) (en banc) (*Range II*). Rejecting that argument, this Court explained that *Range II* is a "'narrow'" decision grounded in the record there, which contained "'no evidence that [Range] poses a physical danger to others.'" *Walters*, 2025 WL 2536696, at *8 (quoting *Range II*, 124 F.4th at 230, 232). The defendant in *Walters*, by contrast, had a lengthy criminal history, including "three convictions for drug trafficking." *Id.*

While this case's facts and posture are different, *Walters* is the latest precedential decision from this Court shedding light on the framework for evaluating as-applied challenges to Section 922(g)(1). Under those precedents, courts must consider, at a minimum, "the totality of" the challenger's "criminal history" and must determine whether the evidence reflects that the challenger "pose[s] a physical danger to others." 2025 WL 2536696, at *8 (discussing *Range II* and *Pitsilides v. Barr*, 128 F.4th 203, 213 (3d Cir. 2025)). While an undisputed criminal history may alone be sufficient to uphold Section 922(g)(1)'s constitutionality, *see id.*; Gov't Suppl.

Br. 6 n.2, in other cases it is necessary to conduct a more holistic, "individualized" factual assessment focused on whether the challenger "presently pose[s]" a danger if armed. *Pitsilides*, 128 F.4th at 210.

As the government has explained, the factual record here is insufficient to resolve plaintiff Edward Williams's Second Amendment claim under this Court's precedents. *See* Gov't Suppl. Br. 7-9. The district court's decision is inconsistent with those precedents. Accordingly, further proceedings should be conducted consistent with intervening developments, including not only these new precedents but also the new relief-from-disabilities process under 18 U.S.C. § 925(c).

Sincerely,

*/s/ Kevin B. Soter*
Kevin B. Soter

cc: All counsel (via CM/ECF)