UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-1091

EDWARD A. WILLIAMS
v.
ATTORNEY GENERAL UNITED STATES OF AMERICA, ET AL.,
Appellants
(E.D. Pa. No. 2:17-cv-02641)

No. 24-1719

UNITED STATES OF AMERICA
v.
JAMES BOST,
Appellant
(W.D. Pa. No. 2:21-cr-00030-001)

**O R D E R**

At the direction of the Court, the parties should be prepared to discuss at oral argument in these matters, among other things:

1. If we accord 18 U.S.C. § 922(g)(1) a presumption of lawfulness, whether the individualized dangerousness inquiry directed by *Range v. Att'y Gen.*, 124 F.4th 218 (3d Cir. 2024) (en banc), in the declaratory judgment context is also necessary in the context of a challenge to an indictment by a convicted felon who has violated § 922(g)(1) without first obtaining a declaratory judgment or otherwise having his Second Amendment rights restored;

2. If conduct beyond the elements of the predicate conviction that disqualifies the individual from carrying a firearm may be considered at all, whether the scope of that conduct differs between a civil action seeking a declaration that § 922(g)(1) does not apply to the plaintiff, and a motion to dismiss a criminal indictment charging a violation of § 922(g)(1);

3. Whether requiring courts to conduct an individualized dangerousness inquiry to determine whether § 922(g)(1) can be constitutionally applied in a criminal case raises due process concerns for individuals who do not yet know whether §

922(g)(1) would be unconstitutional as applied to them if they possessed a firearm; and

4. Whether a criminal defendant who fails to seek relief under 18 U.S.C. § 925(c) should be barred from raising a challenge in federal court to his indictment or conviction for violating § 922(g)(1), and the consequences, if any, for the Federal Firearm Rights Restoration program if this Court holds that conduct not resulting in a criminal conviction may not, consistent with the Second Amendment, be considered as part of the individualized dangerousness inquiry.

Each party will have 5 minutes of uninterrupted argument time at the beginning of its presentation to address these issues.

For the Court,

s/Patricia S. Dodszuweit
Clerk

Dated: Friday, January 23, 2026

AR/cc: All Counsel of Record