# PRINCE LAW OFFICES, P.C.

**Warren H. Prince**

**Karl P. Voigt IV**

**Joshua G. Prince**

**Stanley J. Kuter**

**Jeffrey A. Franklin**

**Dillon L. Harris**

**Adam J. Kraut** *(Of Counsel)*

| | |
|---|---|
| **Bechtelsville** | **1-610-845-3803** |
| **Allentown** | **1-610-770-1151** |
| **Bethlehem** | **1-610-814-0838** |
| **Camp Hill** | **1-717-731-0100** |
| **Lancaster** | **1-717-393-7002** |
| **Lebanon** | **1-717-274-9250** |
| **North Wales** | **1-215-412-0800** |
| **Pottstown** | **1-610-326-4200** |
| **Pottsville** | **1-570-621-8828** |
| **Reading** | **1-610-375-8425** |
| **Toll Free** | **1-888-313-0416** |
| **Fax** | **1-610-845-3903** |

June 02, 2026

**VIA CM/ECF**
U.S. Court of Appeal for the Third Circuit
Attn: Patricia S. Dodszuweit, Clerk of Court
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>  **RE:**   *Edward Williams v. Attorney General of the U.S., et al., No. 24-1091*

Dear Ms. Dodszuweit,

Plaintiff Williams respectfully notifies this Court of a recent filing by the United States of America in *DiRoma v. United States of America*, 2:26-cv-01281 (D. Ariz.) that is pertinent to the pending appeal and is suggestive that either false assertions have made by the Appellants/Defendants to this Court in its Supplemental Brief of June 17, 2025, Notice of Supplemental Authority on February 9, 2026, and during oral argument on February 11, 2026 *or* relief, pursuant to Section 925(c), is no longer available and contrary to the Government's prior arguments, should not be considered by this Court.

Specifically, in its May 27, 2026 filing with the United State District Court, District of Arizona in *DiRoma*, the Government explicitly declared, in pertinent part, that

> Petitioner argues that "[w]here the Attorney general has reopened [18 U.S.C. 925(c)] process, considered applications, granted relief to selected persons, and declined to grant or move forward with Petitioner's application, the practical legal effect is a refusal to grant the requested relief." *But this argument mispresents the facts. The Attorney General has <u>not reopened the process</u>, but is in the midst of doing so*. (emphasis added)

Yet, the Government has declared to this Court in its Supplemental Brief of June 17, 2025 (Doc. 51) that

"the Department of Justice has recently re-established an administrative process, pursuant to 18 U.S.C. § 925(c), through which convicted felons can regain their right to possess firearms" and that 925(c) relief "is now available under Section 925(c)—which among other things, guarantees him a right to judicial review in the federal district court should his request be denied." Appellants' Supp. Brief at 9-10. Doubling down, on February 9, 2026, the Government filed a notice of supplemental authority (Doc. 117); wherein, the Government again claimed that relief had been provided to a number of individuals.

Two days later, during *en banc* oral argument before this Court, the Government declared that "[t]he appropriate mechanism for resolving this dangerousness issue now is a Section 925(c) process that the Department of Justice has *revitalized*." Transcript of Oral Argument at 6, *Williams v. Attorney General of the United States of America, et al.*, No. 24-1091 (3rd Cir. Feb. 11, 2026) (emphasis added) (Doc. 123). And this was not a mere misstatement by the Government, as it thereafter argued that civil and criminal claims under the Second Amendment to 18 U.S.C. § 922 "will fail now that this Section 925(c) process is available." *Id*. In fact, it continued on to declare that:

> What the Second Amendment requires is a reasonable opportunity for an individual to rebut the presumption of dangerousness. The Second Amendment doesn't take a position on exactly how that opportunity is provided. And now that Congress has provided that opportunity through Section 925(c), and *now that the Executive Branch has made that process operational*, there's no longer any basis for a court to declare that the statute is unconstitutional." *Id*. (emphasis added)

Thus, given the discrepancy between the statements made by the Government to this Court and the *DiRoma* Court, there are two possible conclusions: (1) that the Government has either misled this Court or the *DiRoma* Court about the availability of Section 925(c) relief; or, (2) the Government now concedes that Section 925(c) relief is not available and in violation of its ethical obligations, failed to inform this Court of a change in its position during the pendency of this action. Regardless, this Court should not countenance this type of behavior from *any* litigant, let alone the U.S. Government and its attorneys.

A copy of the Government's Memorandum of Points and Authorities in *DiRoma* is attached hereto.

Respectfully Submitted,

Joshua Prince, Esq.
PA Bar No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@PrinceLaw.com
(888) 202-9297 ext 81114

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
EMORY T. HURLEY
Assistant U.S. Attorney
Arizona State Bar No.014812
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Facsimile:  (602) 514-7760
Email: emory.hurley@usdoj.gov
*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Michael DiRoma, | No. 2:26-cv-01281-PHX-KML |
| Plaintiff, | |
| v. | **RESPONSE TO PETITIONER'S MOTION FOR DEFAULT JUDGMENT** |
| United States of America, | |
| Defendant. | |

Defendant United States Office of the Attorney General responds in opposition to Petitioner's motion for default judgment.  The entry of default should be set aside and default judgment denied because Petitioner failed to properly serve the United States prior to seeking default. This response is more fully supported by the following memorandum and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   Procedural History

On June 30, 2025, Petitioner sent a document styled a "formal application for relief from the disabilities under 18 U.S.C. [§] 925(c)" to the Department of Justice.  Doc. 1 at 2, 4.  Petitioner's application has not been denied.  Doc. 1 at 2.

On February 24, 2026, Petitioner filed a Petition in this Court to review the purported denial of his request under 18 U.S.C. § 925(c).  Petitioner alleges that "[a]s of the filing of this petition, the Attorney General has not responded and Petitioner has been denied relief." Doc. 1 at 2.  Petitioner claims that because he has not yet received a response from the Attorney General, his application has been denied and seeks to have this Court restore his Second Amendment rights.  *Id* at 3.

On or about February 26, 2026, Petitioner sent a summons and petition to the United States Attorney's Office.  Petitioner did not send the summons and petition to the civil-process clerk at the United States Attorney's Office.

On May 5, 2026, Petitioner filed a motion for entry of default.  Doc. 10.  The motion states that the summons and petition were sent by certified mail to the United States Attorney for the District of Arizona.  *Id.*  On May 8, 2026, the Clerk of the Court entered default as to the Attorney General.  Doc. 11.

On May 13, 2026, Petitioner filed a motion for default judgment against the Attorney General.  Doc. 12.  On May 14, 2026, the United States moved to dismiss this matter for lack of subject matter and personal jurisdiction.  Doc. 13.  On May 16, 2026, Petitioner filed a certificate of service reflecting service upon the civil-process clerk of the United States Attorney's Office.  Doc. 14.

## II.    Law and Argument

### a.  Petitioner did not properly serve the United States prior to seeking default.

The entry of default should be set aside and the motion for default judgment denied because Petitioner failed to properly serve the United States by sending a copy of the summons and petition to the civil-process clerk of the United States Attorney's Office prior to seeking default.  A district court lacks personal jurisdiction over a defendant unless they have been served in accordance with Federal Rule of Civil Procedure 4.  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987).  Pursuant to Fed.R.Civ.P. 4(i)(1)(A), a plaintiff must either,

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

Petitioner's attempted service on the United States was insufficient because it was not addressed to the civil-process clerk.  Petitioner's mailing was addressed only to "United States Attorney's Office."  *See* Exhibit 1.  The summons itself was addressed to the "Attorney General of the United States."  *See* Exhibit 2.  Petitioner's proof of service stated that service of process was sent by certified mail to "the United States Attorney for the District of Arizona," not to the civil-process clerk.  Doc. 8.  Petitioner's application for entry of default on its face reflects improper mailing to the United States Attorney, rather than the civil-process clerk.  Doc. 10.

"To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney."  Fed. R. Civ. P. 4(i)(1)(A) advisory committee's note to 1993 amendment; *See also Al Hatab v. United States Dep't of Homeland Sec.*, No. 5:16-CV-988-DAE, 2017 WL 11207255, at *3 (W.D. Tex. Mar. 31, 2017) (service by certified mail but addressed to the United States Attorney for the district instead of the civil-process clerk is insufficient); *Landers v. Bd. of Immigr. Appeals*, No. 23-61502-CIV, 2024 WL 3718639, at *1 (S.D. Fla. Feb. 7, 2024) ("Plaintiff did not mail or send the summons and complaint to the civil-process clerk and has, therefore, not timely made service of process"); *Davis v. U.S. Gov't*, 756 F. App'x 786, 789 (10th Cir. 2018) (same).

"The language of Rule 4(i)(1)(A)(i) clarifies that clause (A) is concerned with ensuring that the local U.S. Attorney's office receives the summons and complaint, and subdivision (ii) merely allows for service by mail to the civil-process clerk at that office rather than requiring hand delivery to the U.S. Attorney."

*Gerow v. U.S. Dep't of Just.*, No. CV-23-01059-PHX-DGC, 2023 WL 8781393, at *1 (D.

Ariz. Dec. 19, 2023) quoting *Ploetz v. United States*, No. CIV. 10-3017 (RHK/FLN), 2011 WL 743062 at *1 (D. Minn. Feb. 23, 2011).  Consequently, the entry of default should be set aside and the motion for default judgment denied.

### b.  Petitioner lacks satisfactory evidence to establish right to relief.

In his motion for default judgment, Petitioner argues at length that his request for firearm rights restoration has been denied, even though it clearly has not.  Title 18 United States Code, Section 925(c) does not provide for judicial review until an application has *been denied.*  Petitioner argues that because others have had their firearms rights restored and he has not received a response, his request has been denied.  Doc. 12, p. 4-6.  But Petitioner cannot cite to a statute or regulation that allows him to deem his application denied by the passage of time and seek judicial review.

The United States may not be sued without its consent, and in the absence of such consent, the court lacks jurisdiction over claims brought against the United States. *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  To establish jurisdiction in this Court, Petitioner must set forth "a clear statement from the United States waiving sovereign immunity together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted).  The government's waiver of sovereign immunity must be "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

To the extent Petitioner brings his claim pursuant to the judicial review provision contained in 18 U.S.C. § 925(c), the claim must be dismissed. Pursuant to 18 U.S.C. § 925(c), a person who is "prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief . . . ." The Attorney General may remove this disability if it can be established that the applicant will not act in a "manner dangerous to public safety" and reinstatement of the applicant's firearms privileges would not be "contrary to the public interest." *See* 18 U.S.C. § 925(c). The statute further permits judicial review of an application for relief only if it is denied by the Attorney General. *Id*. In the absence of a denial, district courts lack "independent jurisdiction to act on an application."

- 4 -

*United States v. Bean*, 537 U.S. 71, 76 (2002).

The Supreme Court has held that agency inaction "does not amount to a 'denial' within the meaning of § 925(c)." *Id*. at 75–75.  Instead, the Attorney General must issue an actual denial before an applicant may seek district court review. *See id* at 76.  Here, Petitioner admits in his Petition that his application to the Attorney General has not been denied.  Doc. 1 at 2.  Because the Attorney General has not issued a denial of Petitioner's request within the meaning of the judicial review provision of § 925(c), this Court has no jurisdiction to act on Petitioner's Petition. Thus, the Complaint should be dismissed.

Petitioner attempts to distinguish the holding in *Bean* by arguing that in this case inaction is a denial because others have had their firearms rights restored and he hasn't received a response either way.  But Petitioner's application still has not been denied.

According to Petitioner, Mel Gibson and nine other people had their federal firearms rights restored on March 31, 2025.  Doc. 12 at 4.  According to Petitioner, on February 23, 2026, the Federal Register announced the restoration of firearm rights to another 22 people. However, the restoration of rights in a limited number of test cases hardly constitutes denial of Petitioner's application, particularly when the Department of Justice is in the process of standing up procedures for the restoration of firearms rights.

Before 2025, statutory authority to restore firearms rights under 18 U.S.C. 925(c) had been delegated to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). *See United States v. Bean*, 537 U.S. 71, 74 (2002). However, since 1992, ATF appropriations have included provisos prohibiting ATF from using appropriated funds to act on Section 925(c) applications. *See id.* In combination, the delegation to ATF and the appropriations bar effectively suspended the Section 925(c) relief-from-disabilities program.

Recognizing that the appropriations bar applies only to ATF, the Attorney General issued an interim final rule last year withdrawing the delegation of authority to ATF to administer Section 925(c). *See* Withdrawing the Attorney General's Delegation of Authority, 90 Fed. Reg. 13,080 (Mar. 20, 2025).  The Attorney General described the

interim final rule as "an appropriate first step;" the Department of Justice "anticipates future actions, including rulemaking consistent with applicable law, to give full effect to 18 U.S.C. 925(c) while simultaneously ensuring that violent or dangerous individuals remain disabled from lawfully acquiring firearms." 90 Fed. Reg. at 13,083; *see id.* ("[T]he specific contours of any new approach to the implementation of 18 U.S.C. 925(c) may be refined through rulemaking."). Since issuing the interim final rule, the Department published a notice of proposed rulemaking in July 2025 setting forth proposed regulations for the new 925(c) process. *See* https://www.regulations.gov/document/DOJ-LA-2025-0004-0001 (last visited May 27, 2026). The comment period closed on October 20, 2025. Once the final rule is published, the Department will release an online application for firearm rights restoration and announce that the application is ready to use on the Office of the Pardon Attorney's website at https://www.justice.gov/pardon. *See* https://www.justice.gov/pardon/ffrr (last visited May 27, 2026).

Petitioner argues that "[w]here the Attorney General has reopened the [18 U.S.C. 925(c)] process, considered applications, granted relief to selected persons, and declined to grant or move forward with Petitioner's application, the practical and legal effect is a refusal to grant the requested relief." Doc. 12, p. 5. But this argument misrepresents the facts. The Attorney General has not reopened the process, but is in the midst of doing so. The department has not declined Petitioners application or refused to process it, but is working on issuing the final rules that will allow applications to be processed.

Courts have recognized that a functional section 925(c) process would render individual 922(g)(1) litigation mostly unnecessary. *See United States v. Williams,* 113 F.4th 637, 661 (6th Cir. 2024). The rulemaking procedures that are well underway will create a functional process for the restoration of rights pursuant to 18 U.S.C. 925(c). Petitioner's motion should not be granted simply because he is unwilling to wait for the establishment of a functional process.

**III.    Conclusion**

For the reasons set forth above this Court should set aside the entry of default and deny Petitioner's motion for default judgment.  The United States was not properly served prior to the entry of default and motion for default judgement.  Petitioner cannot establish jurisdiction in this Court under 18 U.S.C. 925(c) when his application has not been denied.

RESPECTFULLY SUBMITTED May 27, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Emory Hurley*
EMORY HURLEY
Assistant United States Attorney
*Attorneys for the United States*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants in this case:

Scott Michael DiRoma
1217 E Moreland Street
Phoenix, Arizona 85006-2826
*Plaintiff Pro Se*


*s/Emory Hurley*
U.S. Attorney's Office