

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

June 9, 2026

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

　　　　Re:　　*Williams v. Attorney General*, No. 24-1091

Dear Ms. Dodszuweit:

　　　　We write in response to plaintiff's June 2, 2026, letter suggesting that there is an inconsistency between the government's statements in this litigation and the government's response to a motion for default judgment in an unrelated District of Arizona case. *See* Resp. Br., *DiRoma v. United States*, 26-cv-1281 (filed May 27, 2026). That suggestion is unfounded.

　　　　As our en banc brief reflects (at 11-15) the Department of Justice has recently granted 18 U.S.C. § 925(c) relief to more than 30 individuals, *see* 91 Fed. Reg. 32,094 (May 29, 2026); 91 Fed. Reg. 8,532 (Feb. 23, 2026); 90 Fed. Reg. 17,835 (Apr. 29, 2025), and has issued a notice of proposed rulemaking to establish "criteria to guide determinations for granting relief," 90 Fed. Reg. 34,394, 34,394 (July 22, 2025). In the District of Arizona case, the government addressed the argument that inaction on an individual's Section 925(c) application amounts to a denial. In rebutting that argument, the government noted that the Department "has not reopened the [Section 925(c)] process, but is in the midst of doing so" including by "working on issuing final rules that will allow applications to be processed." *DiRoma* Resp. Br. 6. To the extent that plaintiff depicts this statement as a concession "that Section 925(c) relief is unavailable," Ltr. 1, that depiction is incompatible with the Department's recent grant of such relief to numerous individuals. Instead, the quoted statement reflects

that the Department is currently working to finalize new procedures governing Section 925(c) applications, which is one reason that inaction on any given application should not be understood as a denial.  The rulemaking's procedural status is accurately described in our en banc brief and that status does nothing to detract from our argument that the availability of relief under Section 925(c) renders civil as-applied challenges to 18 U.S.C. § 922(g)(3) largely, if not entirely, unnecessary.

Sincerely,

*/s/ Vivek Suri*
Vivek Suri

cc:    All counsel (via CM/ECF)